**UNITED STATES of America,**
**Appellee,**

v.

**Marcial FAMILIA, Defendant–**
**Appellant.**

**Docket No. 02–1054.**

United States Court of Appeals,
Second Circuit.

Nov. 4, 2002.

David Stern, Rothman, Schneider, Soloway & Stern, LLP, New York, NY, for Appellant.

Seth L. Levine, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, (Alan Vinegrad, United States Attorney, and Susan Corkery, Assistant United States Attorney, on the brief), for Appellee.

Present WILFRED FEINBERG, DENNIS JACOBS and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the

district court be, and it hereby is, **AF-FIRMED.**

Marcial Familia appeals from a January 18, 2002 judgment and sentence entered in the United States District Court for the Eastern District of New York (Sifton, J.), following his guilty plea to conspiracy to import and importation of controlled substances. Familia challenges the district court's denial of a two-level downward adjustment for minor role in the offense under United States Sentencing Guideline § 3B1.2(b). We affirm.

The district court denied the request for a minor role adjustment and explicitly adopted the following reasoning set forth in the Government's sentencing letter:

> By way of summary, the evidence in this matter concerning the defendant's role includes: (1) billing records of the phone the defendant was using during the crime confirming that the defendant was in frequent contact with the ... drug source in the Dominican Republic; (2) a recording made during the controlled delivery demonstrating that the defendant was speaking to the drug source during the controlled delivery; (3) the defendant's statement during the controlled delivery advising Kenneth Ortiz of how he should dress to avoid arousing suspicion from U.S. Customs in future; (4) the defendant['s] travel from Massachusetts to pick-up the drugs; (5) the defendant's recruitment [of] another individual, who was arrested but not detained on the night of the defendant's arrest, to drive him to and from the airport; (6) the apparent understanding (which the defendant denies) that the defendant was to pay ... Kenneth Ortiz upon his delivery of the cocaine at JFK, and (7) as the PSR notes, the defendant's previous arrest for drug related activity.

After hearing arguments on other matters, the district court imposed a sentence of 78 months' imprisonment, to be followed by a three-year term of supervised release, and a $400 special assessment.

Guideline § 3B1.2(b) provides: "If the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S. Sentencing Guidelines Manual § 3B1.2(b) (2001). This adjustment is available for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. n. 5. "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000).

Familia urges that the district court erred in considering three facts set forth in the Government's sentencing letter: (1) Familia's recruitment of an unnamed individual to drive him from Massachusetts; (2) Familia's responsibility to pay Ortiz; and (3) Familia's arrest more than a decade earlier for a narcotics crime. Familia argues that the first two facts are without basis in the record, and that the third has no bearing on Familia's role in the present offense. We do not need to reach the question of whether these three facts were improperly considered, because excluding these facts, there is ample support for the district court's determination that Familia was not entitled to a minor role adjustment.

Familia contends that he "was merely a delivery man" and "had virtually no knowledge of the nature and scope of the venture." However, the district court believed that Familia was in effect an engineer of this operation. He drove to New York from Massachusetts (with another individual) to ensure that the cocaine got from Ortiz to the ultimate destination; he spoke frequently with Suarez, the source of the drugs in the Dominican Republic, and even did so during the controlled delivery; and he counseled Ortiz about how

to dress to avoid problems with immigration control. This last finding suggests familiarity with cocaine importation and an interest in future transactions involving the two. The district court did not clearly err in concluding that these facts prevented it from awarding Familia a minor role adjustment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.